UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **TIMOTHY C. ODOM,** )<br>      **Plaintiff,** )<br>**v.** )<br>          )<br>**SHERIFF AND STAFF,** )<br>      **Defendants.** ) | **Case No. 06-2241** |

# ORDER

  In January 2007, Plaintiff Timothy Odom, acting *pro se*, filed a Complaint (#7) against the Champaign County Sheriff and staff. The face of the complaint states that it is a suit against state officials for constitutional violations pursuant to 42 U.S.C. § 1983. Because the complaint arguably alleges federal constitutional claims, the Court has subject matter jurisdiction based on federal question pursuant to 28 U.S.C. § 1331.

  In March 2007, Defendants, Champaign County Sheriff, Dan Walsh, and unknown staff, filed a Motion To Dismiss (#13). Plaintiff filed a response. After reviewing the parties' pleadings and memoranda, this Court **GRANTS** Defendants' Motion To Dismiss **(#13)**.

## I. Background

  Plaintiff's Statement of Claim states as follows: "The conduct of the Sheriff and staff with a individual that is disabled with mental retardation and Grave's [disease] keep me from other option at time of ablation of thyroid threat of jail." (*Sic*) (#7, p. 4.)

  Plaintiff filed a document titled Motion To Dismiss Defendants (*sic*) Motion (#17), which the Court deems to be a response to Defendants' motion. Because this document provided information explaining Plaintiff's claims, the Court granted Defendants leave to file a reply.

## II. Standard

  The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004). When considering a motion to dismiss, the

Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendants' primary argument is that Plaintiff has failed to state a claim upon which relief can be granted because the complaint does not give Defendants notice of what Plaintiff's claims are about.

Under federal rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to avoid dismissal on the pleadings. FED. R. CIV. P. 8(a)(2). The purpose of the complaint is to give "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). Nevertheless, a plaintiff must plead sufficient facts to allow the Court and the defendant to understand the gravamen of the complaint. *Doherty v. City of Chi.*, 75 F. 3d 318, 326 (7th Cir. 1996).

The Court agrees that Plaintiff's complaint does not give Defendants any idea of the nature of Plaintiff's claims. Plaintiff's response to the motion to dismiss provides more information about what he is alleging. It is well established that a plaintiff cannot amend his complaint by statements made in briefs filed in opposition to a motion to dismiss. *See Perkins v. Silverstein,* 939 F.2d 463, 470 n.6 (7th Cir. 1991). Nevertheless, in the interests of judicial efficiency, the Court will consider the arguments Defendants raised in response to the information Plaintiff presented in his response.

In his response, Plaintiff indicates that, at the time he was diagnosed with Graves disease, he had several medical options for treatment, including (as far as the Court can tell) suppression, obliteration, and surgery. Plaintiff's doctor told him that, for suppression to work, he would have to be stress free. Apparently, Plaintiff believes that the Sheriff's staff caused Plaintiff stress when they performed security procedures at the Champaign County courthouse. As a result, Plaintiff was deprived of his "constitutional right to have [his] medical choice" of procedures.

In essence, it appears that Plaintiff contends that the requirement that he comply with courthouse security procedures has caused him stress. The Court agrees that this fails to state a constitutional claim. Based on information presented in Plaintiff's response, the stress arose as a result of Plaintiff's failure to comply with security procedures. Plaintiff does not allege that the security procedures themselves were burdensome or unconstitutional. In addition, Plaintiff has failed to allege a deprivation of a constitutional right. The right to be stress-free has not yet been recognized as an independent constitutional right, nor has the right to be able to choose a particular medical procedure.

In his response, Plaintiff also describes three specific incidents that he contends violated his constitutional rights, as follows: (1) A sheriff's deputy violated Plaintiff's right to be free from illegal search when, as part of the courthouse security procedures, she went through Plaintiff's pockets and took out a twenty dollar bill; (2) Plaintiff was not allowed to attend a

hearing at the Champaign County Courthouse on May 16, 2005, and therefore could not present evidence on his behalf; and (3) in July 2004, a Sheriff's deputy violated Plaintiff's constitutional rights when the deputy sent Plaintiff's minor son to stay with the boy's mother.

Regarding the first incident, at a hearing in this case held March 21, 2007, Plaintiff stated that the deputy returned the bill to him. Had the deputy kept the money, Plaintiff arguably would have stated a constitutional claim, but Plaintiff has stated that the deputy returned it. Other than that, however, as noted above, Plaintiff does not appear to be contending that the method or manner of the search itself violated his constitutional right to be free from illegal search.

Regarding the second incident, it is true that Plaintiff was not allowed to attend a hearing at the Champaign County Courthouse on May 16, 2005, and could not present evidence on his behalf. Plaintiff attached the court docket sheet for that day to his response. It states as follows: "The Court has been advised by Court Security that Petitioner arrived at Courthouse and refused to follow procedure and go through metal detector, Petitioner was then refused admittance into the Courthouse."  (#17-2, p. 6.)  The judge then conducted the hearing in Plaintiff's absence. Again, to the extent that Plaintiff contends this incident violated his constitutional rights, the Court concludes that the conduct that prevented him from attending the hearing was Plaintiff's refusal to comply with courthouse security procedures, not that the security procedures themselves were unconstitutional.

Regarding the third incident, in which a Sheriff's deputy allowed Plaintiff's minor child to stay with his mother, Defendants argue that the two-year statute of limitations for constitutional claims pursuant to Section 1983 bars this claim. *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) (stating that the Illinois two-year personal injury statute of limitations applies to a constitutional claim brought pursuant to Section 1983). To the extent this incident may be the basis of part of Plaintiff's claims, the Court agrees with Defendants that the statute of limitations bars constitutional claims based on this 2004 incident.

Defendants also argue that the Sheriff should be dismissed from the suit because Plaintiff failed to allege that he was personally involved as required for a constitutional claim brought against a supervisor. Under Section 1983, liability passes to supervisors for the conduct of those they supervise only where the plaintiff alleges the supervisors are personally involved. *Jones v. Chi.*, 856 F.2d 985, 992 (7th Cir. 1988). The supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.* He must act either knowingly or with deliberate, reckless indifference. *Id.* Here, Plaintiff has failed to allege the requisite personal involvement to state a claim against the Sheriff.

For the reasons stated above, the Court grants the motion to dismiss without prejudice. If Plaintiff decides to amend his complaint to try to state a claim, the Court directs him to set forth the particular conduct on the part of each Defendant that forms the basis of the claim(s), keeping in mind that the purpose of the complaint is to give "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). Thus, a complaint must plead sufficient information to allow the Court and the defendants to understand what the claims are. *Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996).

### IV. Summary

For the reasons stated above, this Court **GRANTS** Defendants' Motion To Dismiss **(#13)**. Because it is conceivable that Plaintiff can amend his complaint to state a claim, the dismissal shall be without prejudice and that Plaintiff may file an amended complaint within fourteen (14) days of the order ruling on the motion.

ENTER this 26th day of April, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
